UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TIERICH ENTERPRISES, INC.,
a Florida Corporation,

      Plaintiff,

Case №:

v.

AMERISURE INSURANCE COMPANY,
a foreign for profit corporation,
and KIMBER HARTMAN,

      Defendants.
_____/

### AMERISURE'S MOTION TO DISMISS DEFENDANT KIMBER HARTMAN WITH INCORPORATED MEMORANDUM OF LAW

    Defendant, AMERISURE INSURANCE COMPANY ("AMERISURE"), by and through its undersigned attorney and pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 21, S.D. Fla. L.R. 7.1(A)(1) and 7.1(C), hereby files its Motion to Dismiss Defendant, KIMBER HARTMAN ("HARTMAN") as a party defendant from the present civil action and incorporated Memorandum of Law.  As grounds for its Motion, AMERISURE claims the following:

    1.    This is an insurance coverage action.  Defendant, AMERISURE issued a policy to Plaintiff, TIERICH ENTERPRISES, INC. ("TIERICH").  Plaintiff contracted with O'KEEFE to resurface his pool.  O'KEEFE sued Plaintiff for faulty workmanship, damage to the pool's surface, and compensation to repair and replace the pool's surface.  O'KEEFE recovered a judgment against Plaintiff.  Plaintiff now alleges AMERISURE and HARTMAN, refused to defend the underlying suit and pay the judgment, and thus



EXHIBIT "B"

handled Plaintiff's claim negligently, in breach of the policy, and in first party bad faith.[1] AMERISURE maintains that coverage was properly denied based on upon several policy exclusions, including the "your work" exclusion.

2.  Defendant HARTMAN is a citizen of the State of Florida.

3.  AMERISURE is a foreign corporation organized and existing under the laws of the State of Michigan with its principal place of business in Farmington Hills, Michigan.[2]

4.  TIERICH is a Florida corporation organized and existing under the laws of the State of Florida with its principal place of business in Florida.

5.  The General Allegations of Plaintiff's Complaint purport to assert a claim for negligence against HARTMAN. Plaintiff cannot state a cause of action against HARTMAN for negligence as a matter of law; therefore, HARTMAN must be dismissed as a party defendant.

6.  The General Allegations and Count I of Plaintiff's Complaint purport to assert a claim for breach of contract against HARTMAN. Plaintiff cannot state a cause of action against HARTMAN for breach of contract as a matter of law; therefore,

---

[1] Amerisure has moved separately to dismiss Plaintiff's bad faith claim on the grounds that it fails to state a cause of action cognizable under Florida law. Plaintiff's bad faith count is fatally defective because it fails to allege two essential elements necessary to state a bad faith claim by a policyholder against an insurer pursuant to Fla. Stat. §624.155: (1) that coverage is proper, and (2) that a judgment in excess of the policy limits was rendered in the underlying manner. Unless and until these elements can be pled in good faith, Plaintiff has no cause of action for bad faith under the statute.

[2] Plaintiff acknowledges AMERISURE is a "foreign corporation" in the state court action, but indicates AMERISURE could be a citizen of the State of Florida by "doing business in the State of Florida." This is not the test for corporate citizenship under 28 U.S.C. §1332. For purposes of diversity jurisdiction, a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See Bel-Bel Int'l Corp. v. Community Bank of Homestead,* 162 F.3d 1101 (11th Cir. 1998). "A corporation has one principal place of business." *Moore's Federal Practice 3d,* §102.50. Moreover, "the mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction." *Tremble v. Liberty Mut. Ins. Co.,* Not reported in F.Supp.2d, 2007 WL 158279 (S.D. Ga 2007).

2

HARTMAN must be dismissed as a party defendant. Moreover, the allegations contained in Plaintiff's complaint that purport to support a cause of action for breach of contract are facially negated by others in the complaint.

7. The General Allegations and Count II of Plaintiff's Complaint purport to assert a claim for bad faith against HARTMAN. Plaintiff cannot state a cause of action against HARTMAN for bad faith as a matter of law; therefore, HARTMAN must be dismissed as a party.

8. As Plaintiff cannot state a cause of action against HARTMAN as a matter of law, Plaintiff has fraudulently joined HARTMAN as a party defendant to the present civil action for the purpose of seeking to defeat the right afforded by 28 U.S.C. §1332 to remove this action to the United States District Court for the Southern District of Florida, West Palm Beach Division.

## MEMORANDUM OF LAW

**I.   HARTMAN must be dismissed as a defendant pursuant to Fed. R. Civ. P. 21 and 12(b)(6)**

Defendants submit that the standard for dismissal of HARTMAN under Fed. R. Civ. P. 21 is substantially similar to the standard for dismissal pursuant to Fed. R. Civ. P. 12(b)(6); specifically, that Plaintiff cannot establish a cause of action against Hartman as a matter of law. Accordingly, AMERISURE submits its argument pursuant to both Rule 21 and 12(b)(6) in order to preserve HARTMAN's defenses to Plaintiff's Complaint if this Motion is denied.

**a.   HARTMAN must be dismissed pursuant to Rule 21**

Fed. R. Civ. P. 21 provides as follows regarding dismissal of parties:

3

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Pursuant to this Court's authority to drop a party on just terms at any time, this Court should dismiss Defendant HARTMAN because Plaintiff cannot establish a cause of action against her as a matter of law. HARTMAN is a fraudulently joined defendant.

Where a defendant removes an action, alleging that the federal court has diversity jurisdiction under 28 U.S.C. § 1332, the fact that a fraudulently joined defendant shares citizenship with a plaintiff does not destroy the federal court's diversity jurisdiction. *See Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). In such a case, it is "appropriate for a federal court to dismiss such a defendant and retain jurisdiction..." *Id.* When a non-diverse defendant is named solely to defeat diversity jurisdiction, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a 'fraudulent joinder,' and a federal court may appropriately assert its removal diversity jurisdiction over the case." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(citation omitted)).

The United States Supreme Court has determined that, while federal jurisdiction is normally dependent on the facts as they exist at the time that the complaint is filed, Rule 21 is an exception to this principle. *See Ferry v. Bekum America Corp.*, 185 F.Supp.2d 1285, 1288 (M.D. Fla. 2002)(*citing Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). In short, even where the complaint indicates a lack of complete diversity on its face, an action may still be removed from state to federal court if the defendant whose presence purportedly destroys diversity was fraudulently joined.

*See Maghaddam v. Dunkin' Donuts, Inc.,* Not reported in F.Supp.2d, 1999 WL 1042978 (S.D. Fla. 1999).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). One situation in which joinder has been deemed fraudulent, and like the situation presented in the instant action, is when the plaintiff cannot possibly establish a cause of action against the non-diverse defendant. *See id; see also Henderson,* 454 F.3d at 1281; *Crowe v. Coleman,* 113 F.3d 1536 (11th Cir. 1997); *Rudnick,* 358 F.Supp.2d at 1204.

When determining whether joinder was fraudulent, the district court must decide if there is even a possibility that a state court would find that the complaint establishes a cause of action against the resident defendant. *See Triggs,* 154 F.3d at 1287. If there is any possibility that the state court would find that the complaint states a cause of action against the non-diverse defendant, joinder of a resident defendant was proper and the case must be remanded. *Id.* It is not necessary that the plaintiff have a winning case against the defendant; the plaintiff need only have the possibility of establishing a valid cause of action against the defendant for joinder to be legitimate. *Id.* When engaging in this inquiry, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the Plaintiff." *Crowe,* 133 F.3d at 1538.

When the factual allegations and Florida's state law are considered in the light most favorable to Plaintiff, TIERICH, it cannot possibly establish a cause of action against Defendant, HARTMAN. As AMERISURE will explain below, Florida law does

5

not recognize a negligence cause of action against an insurance adjuster, Florida law does not recognize a breach of contract cause of action against an insurance adjuster, and Florida law does not establish a cause of action for bad faith against an individual adjuster. Therefore, HARTMAN has been fraudulently joined and must be dismissed from the lawsuit pursuant to Rule 21. The fraudulent joinder of HARTMAN does not destroy this Court's diversity jurisdiction over the present action.

    **b. HARTMAN must be dismissed pursuant to Rule 12(b)(6)**

Fed. R. Civ. P. 12(b) allows a party to assert certain defenses to a claim by motion, including the defense that plaintiff failed "to state a claim upon which relief can be granted." Pursuant to Rule 12(b)(6), AMERISURE moves to dismiss HARTMAN from the present action because Plaintiff failed to state a claim against HARTMAN upon which relief can be granted.

When considering a motion to dismiss, the court must "view the complaint in the light most favorable to the plaintiff and take its allegations as true." *TrueFone Wireless, Inc. v. GSM Group, Inc.*, 2008 WL 2215059 (S.D. Fla. 2008). Fed. R. Civ. P. 8(a) requires that a party's complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." The complaint must "give fair notice of what the plaintiff's claim is and the ground upon which it rests. *Lubrisse v. V & V Sons, Inc.*, Slip Copy, 2008 WL 232888 at *1 (S.D. Fla. 2008). This does not mean that the complaint needs to contain detailed factual allegations; however, "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations

must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965-65 (U.S. 2007)(internal citations omitted).

HARTMAN must be dismissed from the present action pursuant to Rule 12(b)(6) because Plaintiff has failed to state a cause of action against HARTMAN. As AMERISURE will explain below, Florida law does not recognize a negligence cause of action against an insurance adjuster, Florida law does not recognize a breach of contract cause of action against an insurance adjuster, and Florida law does not establish a cause of action for bad faith against an individual adjuster.

II. **HARTMAN must be dismissed as a defendant to the present action because Plaintiff cannot state a claim against HARTMAN as a matter of Florida law**

   a. **Florida law does not recognize a negligence cause of action against an insurance adjuster**

Although there is no formal count for negligence stated in Plaintiff's Complaint, in the General Allegations, Plaintiff purports to assert a claim for negligence against HARTMAN by alleging as follows:

> Prior to the final judgment AMERISURE was made aware of the claim and lawsuit and denied coverage, including the duty to defend. It filed no declaratory action or similar action to have the court determine any coverage issues. The denial of coverage was negligently and/or in bad faith done by KIMBER HARTMAN. ¶10, Plaintiff's Complaint.

Plaintiff's claim against HARTMAN cannot stand because Florida law does not recognize a cause of action for negligence against a company employee insurance adjuster, which HARTMAN clearly is in this case.

Florida's Insurance Adjusters Law defines a "company employee adjuster" as follows:

7

A "company employee adjuster" is a person employed on the insurer's staff of adjusters or a wholly owned subsidiary of the insurer, and who undertakes on behalf of such insurer or other insurers under common control or ownership to ascertain and determine the amount of any claim, loss, or damage payable under a contract of insurance, or undertakes to effect settlement of such claim, loss, or damage. Fla. Stat. §626.856.

HARTMAN is a "company employee adjuster" as that term is defined by statute. This fact is not disputed, as Plaintiff asserts in his Complaint that: "HARTMAN is a resident of and citizen of the State of Florida. At all times material hereto she was an employee of the Defendant AMERISURE acting in the course and scope of her employment with said Defendant." ¶4.

A company employee adjuster does not owe a duty in an individual capacity to a policyholder that is separate from the duty that is owed to the policyholder by the insurer, provided that the conduct at issue is within the scope of the adjuster's employment or agency. *See Old Republic Ins. Co. v. Von Onweller Const. Co.,* 239 So.2d 503 (Fla. 2nd DCA 1970); *King v. Nat'l Sec. Fire and Cas. Co.,* 656 So.2d 1338 (Fla. 4th DCA 1995); *Howard v. Crawford & Co.,* 384 So.2d 1326 (Fla. 1st DCA 1980); *Stallworth v. Hartford Ins. Co.,* Not Reported in F.Supp.2d, 2006 WL 2711597 at *7 (N.D. Fla. 2006)(holding that adjuster was not "individually liable under either breach of contract claim or claim for breach of the implied covenant of good faith and fair dealing because he was not a party to the insurance contract."); *Kuhlman v. Crawford & Co.,* Slip Copy, 2002 WL 34368089 (S.D. Fla. 2002).

"An insurance adjuster is a special agent for the company and his powers and authority are prima facie coextensive with the business entrusted to his care, which is ascertaining and determining the amount of any claim, loss or damage payable under an insurance contract, and/or effecting settlement of such claim, loss or damage." *Von*

8

*Onweller,* 239 So.2d at 504.  Accordingly, as an agent of the insurer, the insurance adjuster acts on behalf of the insurance company.  *See King,* 656 So.2d at 1339; *see also Home Ins. Co. v. Crawford & Co.,* 890 So.2d 1186, 1188 (Fla. 4th DCA 2005).  The Fourth District Court of Appeal noted in *King* that "Florida law simply does not recognize a cause of action by an insured against an independent insurance adjuster in simple negligence…" *Id.*  This principle applies whether the adjuster is an independent adjuster or a company employee adjuster.  While an action may not be brought against an adjuster for negligence, a claim against an adjuster for an intentional tort such as fraud and deceit may be sustained because the same are outside the scope of the adjuster's employment or agency.  *See Howard*, 384 So.2d.1326.

TIERICH asserts a claim against HARTMAN for negligence, not for an intentional tort.  Plaintiff's Complaint contains no allegations that HARTMAN was acting outside the scope of her employment in a manner that would give rise to a private duty to TIERICH.  In fact Plaintiff specifically avers in the Complaint that HARTMAN was acting within the course and scope of her employment at all material times.  Because Florida law does not recognize a cause of action against an insurance adjuster for negligence, Plaintiff cannot sustain a claim against HARTMAN and HARTMAN must be dismissed as a party defendant to the present lawsuit.

    b.  **Florida law does not recognize a breach of contract cause of action against an insurance adjuster**

There is no formal count for breach of contract stated in Plaintiff's Complaint against HARTMAN.  Assuming *arguendo* the Complaint attempts to state such a claim against HARTMAN in Count I, it must fail because there is no cognizable claim for breach of contract in Florida against an insurance adjuster acting in the scope of her

9

employment. If there was a contract between HARTMAN and TIERICH, it has not been attached to the Complaint.

Florida courts recently recognized the futility of a separate cause of action for breach of contract against an insurance adjuster. *Stallworth v. Hartford Ins. Co.*, 2006 WL 2711597 (N.D. Fla. 2006)(holding that adjuster was not "individually liable under either a breach of contract claim or a claim for breach of the implied covenant of good faith and fair dealing because he was not a party to the insurance contract.").[3]

HARTMAN clearly did not owe any contractual duties to Plaintiff, who does not allege that it even had a contract with HARTMAN that she could have breached. Plaintiff acknowledges this by pleading that the subject policy was issued by AMERISURE INSURANCE COMPANY. ¶5. It is not alleged that HARTMAN issued the policy. Plaintiff further asserts that the subject "contract of insurance was drafted exclusively by AMERISURE INSURANCE COMPANY." ¶6. It is not alleged that HARTMAN drafted the contract. Nor is it alleged that HARTMAN performed or breached the contract. "The Defendant, AMERISURE INSURANCE COMPANY breached its contract by failing to defend or alternatively pay the costs of defense and/or pay the Amended Final Judgment once same was rendered." ¶15.

---

[3] Other states applying this principle to the insurance context have held that insurance adjusters are not individually liable to the insured for breach of contract or for breach of the implied covenant of good faith and fair dealing because adjusters are not parties to the contract. *See Tipton v. Nationwide Mut. Fire Ins. Co.*, 381 F.Supp.2d 567, 571 (S.D.Miss.2003) (An individual "may not be held directly liable under an insurance contract if that person was not a party to the insurance contract itself, because that person has no duty arising from the policy to provide coverage."); *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex.1994) (holding insurance adjuster owed the insured no duty of good faith and fair dealing because he was not party to a contract with the insured); *Hudock v.. Donegal Mut. Ins. Co.*, 264 A.2d 668, 672 (Pa.1970) (holding acts of insurance adjusters in failing to negotiate in good faith did not make them individually liable for breach of contract because no contractual relationship existed between adjusters and the insured); *see also King v. Nat'l Sec. Fire & Cas. Co.*, 656 So.2d 1338, 1339 (Fla. 4th DCA 1995) (independent adjusters owe no duty to the insured unless the insured is suing for an intentional tort such as fraud).

Any purported cause of action for breach of contract against HARTMAN has not been stated by any of the allegations in the Complaint. Assuming the Complaint does contain the requisite allegations that could potentially state a cause of action, any purported claim is futile and subject to dismissal because no such cause of action exists in Florida against HARTMAN.

### c. Florida's body of insurance bad faith law applies only to insurers and not to adjusters in their individual capacity

To the extent that Count II of Plaintiffs Complaint may purport to state a claim against HARTMAN for bad faith, HARTMAN must be dismissed because Plaintiff cannot bring such an action against HARTMAN as a matter of law. Florida's bad faith law sets forth a duty that is owed by an *insurer* to its insured, not a duty that is owed by an insurance adjuster to the insured. An insurance adjuster is not in a contractual relationship with the insured that would give rise to a cause of action for bad faith. *See Kuhlman,* 2002 WL 34368089 at *4 ("Upon a review of Florida law, there is no case that allows a 'bad faith' claim absent a contractual relationship.").

To demonstrate the fact that Florida law does not recognize a cause of action for bad faith on behalf of an insurance adjuster, AMERISURE points this Court to the following examples, which in no way encompass the entire body of case law indicating that the duty of good faith runs from the insurer to the insured.

The Supreme Court explained the duty of good faith owed by an *insurer* to its insured in *Boston Old Colony Ins. Co.* v. *Gutierrez,* 386 So,2d 783 (Fla. 1980). In this oft-cited bad faith case, the Court stated as follows:

> An *insurer,* in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own

11

> business. For when the insured has surrendered to the *insurer* all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the *insurer* must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured. This good faith duty obligates the *insurer* to advise the insured of settlement opportunities, to advise as to the probable outcome of litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same. The *insurer* must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect to paying the total recovery, would do so.

*Id.* at 785 (internal citations omitted)(emphasis provided). The Supreme Court cited to its *Boston Old Colony* decision in *Berges v. Infinity Ins. Co.,* stating that "[a]n *insurer's* duty toward its insured was best summarized by this Court in 1980 in *Boston Old Colony Insurance Co. v. Gutierrez. . .*" *Berges v. Infinity Ins. Co.,* 896 So.2d 665, 668 (Fla. 2004)(emphasis provided). The *Berges* court went on to note that, in reaching its decision, the court applied "well-established and long-standing jurisprudence in this State, and focus[ed] on the *insurer's* fiduciary obligation to its insured." *Id.* at 669 (emphasis provided).

The Third District Court of Appeal also considered the duty of an *insurer* to its insured in *Thomas v. Lumbermens Mut. Cas. Co.,* 424 So.2d 36 (Fla. 3d DCA 1982):

> A "bad faith" insurance suit, which may be maintained by either the insured or by the injured party standing in his place, is based on the *insurer's* breach of its duty to its insured to make a good faith offer of settlement within the policy limits, so as to avoid exposing the insured to an excess judgment.

*Id.* (emphasis provided). In addition, Fla. Stat. §624.155 provides a remedy for insureds who have incurred damages resulting from an *insurer's* breach of its duty of good faith.

It is clear from the language used by Florida courts and by the Florida Legislature that the duty of good faith runs from the insured to the insurer, not from the insurance

adjuster to the insured. Because the insurance adjuster acts on behalf of the insurer, the insurer may become liable to its insured or to a claimant because of the actions of the adjuster. *See Home Ins. Co. v. Crawford,* 890 So.2d 1186 (Fla. 4th DCA 2005). However, Florida law provides no cause of action for bad faith against an insurance adjuster. Accordingly, to the extent that Count II may purport to state a claim for bad faith against defendant HARTMAN, she must be dismissed.

WHEREFORE, Defendant AMERISURE INSURANCE COMPANY respectfully requests that this Honorable Court take the following action: (a) enter an order granting AMERISURE's Motion to Dismiss Defendant KIMBER HARTMAN; (b) dismiss Defendant KIMBER HARTMAN from the present civil action; and (3) grant such further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing ahs been furnished to F. KENDALL SLINKMAN, Slinkman & Slinkman, P.A., 1015 W. Indiantown Rd., Suite 101A, Jupiter, Florida 33458 by U.S. Mail this 22nd day of September 2010.

> MARLOW, CONNELL, ABRAMS,
> ADLER, NEWMAN & LEWIS
> 4000 Ponce de Leon Blvd., Suite 570
> Coral Gables, FL 33146
> Phone: (305) 446-0500
> Fax: (305) 446-3667
>
> By: s/Josh Levy
>     Josh A. Levy, Esq.
>     Florida Bar No. 668311

13