UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:10-cv-81128-KLR

TIERICH ENTERPRISES, INC.,
a Florida corporation,

        Plaintiff,

v.

AMERISURE INSURANCE COMPANY,
A foreign for profit corporation, and
KIMBER HARTMAN,

        Defendants,

_____/

## PLAINTIFF'S MOTION FOR REMAND

Plaintiff, TIERICH ENTERPRISES, INC., by and through undersigned counsel, moves

to remand this matter to state court pursuant to 28 U.S.C. §1447(c), and as grounds therefore

states:

1.      On August 23, 2010, the Plaintiff filed a Complaint in the Circuit Court of the

Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, naming as Defendants

Amerisure Insurance Company ("Amerisure") and Kimber Hartman ("Hartman").  Count I of the

Complaint alleged breach of contract against Amerisure and Count II alleged third party bad

faith against Amerisure and Kimber Hartman.

The Complaint alleged that Tierich Enterprises had been issued an insurance policy by

Amerisure that included commercial general liability coverage, and that a claim alleging, inter

alia, defective repair was filed by a customer.  However, despite the insurance policy, Amerisure,

1

through Hartman, denied coverage, refused to provide a defense, and did not file any declaratory judgment action to have a determination of the existence of coverage.

After being served with the Complaint, Amerisure filed a Notice of Removal contending that this Court had diversity jurisdiction under 28 U.S.C. §1332, premised on the argument that the inclusion of Hartman as a Defendant constituted fraudulent joinder. In conjunction with the Notice of Remand, Amerisure also filed a Motion to Dismiss Count II of the Complaint as to itself,[1] and a separate Motion to Dismiss the Complaint as to Hartman. Hartman has been served but has filed nothing. Plaintiff has filed separate responses to those motions, and is hereby filing a Motion for Remand challenging the contention that Hartman was fraudulently joined in this lawsuit.

## MEMORANDUM OF LAW

Pursuant to 28 U.S.C. §1332(a)(1), the District Court has original jurisdiction of cases in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. However, complete diversity must exist for the court to have subject matter jurisdiction; that is, every plaintiff must be diverse from every defendant, Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Therefore, a state court action may only be removed if none of the parties in interest properly joined and served as defendants is a citizen of the same state as the plaintiff, 28 U.S.C. §1441(b). Since Tierich Enterprises is a Florida corporation and Kimber Hartman is a Florida citizen, complete diversity does not exist, and the only means by which this Court could have subject matter jurisdiction is if Kimber Hartman was fraudulently joined in the law suit. As demonstrated below, Defendant Amerisure cannot satisfy that onerous burden of proof at this stage of the case and, therefore, remand is appropriate.

---

[1] Amerisure has never filed an Answer or other pleading directed to Count I of the Complaint

In making a determination of whether there has been fraudulent joinder, this Court must resolve any uncertainties about the applicable law in the plaintiff's favor, Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). In Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997),[2] the Court noted that the party removing a case based on a claim of fraudulent joinder has the burden of proving that there is no possibility that the plaintiff can establish a cause of action against the defendant who was allegedly fraudulently joined, and the removing party bears a heavy burden in meeting that standard. The Defendant must demonstrate fraudulent joinder by clear and convincing evidence, Henderson v. Washington National Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

This Court's ruling on the fraudulent joinder issue must not subsume a substantive determination. Crowe, 113 F.3d at 1538 (citing B, Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981)). Therefore, this Court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id.

Indeed, as the Eleventh Circuit recently stated (113 F.3d at 1538):

> As we have previously cautioned, on a motion for remand, the federal court's analysis must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court. We hold that, if there is any possibility that the state law might impose

---

[2] Crowe also noted that fraudulent joinder may be shown where the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. There is also a third scenario where fraudulent joinder may be shown, where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). Amerisure has not alleged any of those grounds of fraudulent joinder in its Notice of Removal.

liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary. Determination of fraudulent joinder is to be based on whether there was a real intention on <u>colorable grounds</u> to procure a joint judgment. Doubt as to whether under the state law a case of joint liability is stated ... will not render the joinder fraudulent. [Emphasis Supplied]

<u>Florence v. Crescent Resources, LLC</u>, 484 F.3d 1293, 1298-99 (11th Cir. 2007) (internal citations omitted); <u>Crowe</u>, 113 F.3d at 1537 (reminding that if there is "even a possibility that a state court would find that the complaint states a cause of action against any one of the defendants, the federal court must find that joinder was proper and remand the case to state court").

**The Plaintiff Has a Viable Claim Against Defendant Hartman**

Amerisure claims that the Plaintiff cannot state a claim against Hartman, because as an adjuster she is immune from suit; however, it relies on cases that are inapposite and it ignores controlling statutes and regulations.

For example, Amerisure relies on <u>King v. National Fire & Casualty Co.</u>, 656 So.2d 1338 (Fla. 4th DCA 1995), which, as the opinion clearly states, only involved one issue (656 So.2d at 1339): "The only issue on the main appeal is whether Appellant, the insured, can maintain an action for simple negligence against Appellee, the independent insurance adjuster." The court specifically noted that the insured had sued solely on a claim of simple negligence and not on contract or intentional tort principles. <u>Id</u>.

The court in <u>King</u>, determined that the insurance adjuster could not be sued in simple negligence because its employer, the insurer, could not be sued for simple negligence in failing to adjust the claim properly. The Fourth District specifically noted extensive Florida case law holding that an insured can only sue an insurer "for bad faith and not simple negligence"

4

[citations omitted].   Thus, the rationale of <u>King</u> was not that an adjuster enjoys some type of immunity, but rather that since the insurance company could not be sued for simple negligence, its employee or agent should not either.

The <u>King</u> rationale bears no application to the case <u>sub judice</u> since the court there acknowledges that an insurer can be sued for bad faith, as Plaintiff is doing here; and, therefore, there should not be any bar from the Plaintiff suing the adjuster, the insurer's agent for bad faith conduct.   It is, of course, a general principle of Florida law that the existence of a corporation does not shield an individual from his or her wrongful conduct; in fact individual officers and agents of corporations are liable for actionable conduct committed in the course and scope of their employment, <u>see</u> <u>Florida Specialty, Inc. v. H2Ology, Inc.</u>, 742 So.2d 523 (Fla. 1st DCA 1999); <u>Wadlington v. Continental Medical Servs.</u>, 907 So.2d 631, 633 (Fla. 4th DCA 2005); <u>Canavan v. National Healthcare Corp.</u>, 889 So.2d 825, 827 (Fla. 2d DCA 2004); <u>La Pesca Grande Charters v. Moran</u>, 704 So.2d 710 (Fla. 5th DCA 1998); <u>Brinker v. W.P. Mcdevitt and Assocs.</u>, 693 So.2d 712 (Fla. 4th DCA 1997); <u>Powerhouse, Inc. v. Walton</u>, 557 So.2d 186 (Fla. 1st DCA 1990); <u>McElveen v. Peeler</u>, 544 So.2d 270 (Fla. 1st DCA 1989); and <u>Littman v. Commercial Bank and Trust Co.</u>, 425 So.2d 636, 640 (Fla. 3d DCA 1983).

In fact, in <u>Howard v. Crawford & Co.</u>, 384 So.2d 1326 (Fla. 1st DCA 1980), the court held that an adjuster could be sued for fraud and deceit arising out of his services adjusting a claim on behalf of his employer/insurance company.   The court concluded (384 So.2d at 1328):

> Appellee must answer for its alleged fraud, even though it was acting at the time as an agent of Southeastern.   To rule otherwise would amount to a condonation of appellee's alleged act.

The same rationale applies here.

Defendant relies on <u>Old Republic Ins. Co. v. Von Onweller Const. Co.</u>, 239 So.2d 503 (Fla. 2d DCA 1970), which is clearly inapposite. In that case, a contractor who was allegedly hired by the insurance adjuster to repair an insured's dwelling, sued the insurance company for failing to pay for his services. The insurance company defended on the grounds that the adjuster did not have the apparent authority to bind it to such a contract. However, the Second District held that there was a question of fact as to whether the contractor had notice that the adjuster was acting outside the scope of his authority.

Factually, <u>Old Republic</u> bears no resemblance to the case <u>sub judice</u>; however, it should be noted that the court in that case stated (239 So.2d at 504):

> An insurance adjuster is a special agent for the company and his powers and authority are prima facie coextensive with the business intrusted to his care.

Clearly, an adjuster is responsible for the exercise of that power and authority, especially when adjusters are licensed professionals in Florida who have statutory duties and a regulatory code of ethics.

In its Notice of Removal, Amerisure concedes that Hartman was, at all times pertinent to this lawsuit a "company employee adjuster" as that term is defined in §626.856, Fla. Stat. Florida statutory law requires that, §626.877, Fla. Stat.:

> Every adjuster shall adjust or investigate every claim, damage, or loss made or occurring under an insurance contract, in accordance with the terms and conditions of the contract and of the applicable laws of this state.

Additionally, the Florida legislature requires that adjusters must subscribe to the code of ethics specified in the Rules of the Department of Insurance. <u>See</u>, §626.878, Fla. Stat.

6

The code of ethics contained in the Florida Administrative Code clearly establishes that the work of an adjuster is a matter of public trust, and recognizes that there is a duty of fair and honest treatment owed to the insured, Fla. Admin. Code 69B-220.201(3):

> Code of Ethics. The work of adjusting insurance claims engages the public trust. <u>An adjuster shall put the duty for fair and honest treatment of the claimant above the adjuster's own interests in every instance.</u> The following are standards of conduct that define ethical behavior, and shall constitute a code of ethics that shall be binding on all adjusters.... [Emphasis supplied.]

Plaintiff is not contending that the Code of Ethics creates a cause of action in itself. However, the language quoted from the Code of Ethics above, clearly recognizes an existing duty of "fair and honest treatment of the claimant," which is consistent with Florida statutory law requiring the adjuster to perform in accordance with the conditions of the contract and "the applicable laws of this state," §626.877, Fla. Stat., quoted <u>supra</u>. The "applicable laws of this state" include a prohibition against bad faith failure to investigate and adjust claims, as well as the statute prohibiting unfair claim settlement practices detailed in §626.9541(1)(i), Fla. Stat., that is incorporated in §624.155, Fla. Stat.

Finally, Amerisure's reliance on <u>Stallworth v. Hartford Insurance Co.</u>, 2006 WL 2711597 (N.D. Fla. 2006), warrants comment. In that unpublished decision, the insureds represented themselves pro se, and their complaint was dismissed as to the defendant adjuster based on the conclusion that they failed to state a claim against him. The rationale of the trial court was that the adjuster could not be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because adjusters are not parties to the contract. However, the statutory duties to which adjusters are indisputably bound, and the statutory obligation to adjust claims in accordance with the contract and Florida law, clearly support a claim of bad faith against the adjuster. Apparently, the statutory provisions governing adjusters were not cited to

the trial judge in <u>Stallworth,</u> as the opinion contains no discussion of them.  Moreover, it is clear from the court's rationale that it was addressing solely liability arising from the contract, as opposed to common law duties and statutory duties imposed on adjusters under Florida law.

Therefore, Amerisure has failed in its heavy burden of proving by clear and convincing evidence that the Plaintiff has no colorable claim against Hartman.  Amerisure has not cited a state decision on point, and the general principle that corporate entities do not insulate officers or employees from individual liability for their own misconduct should apply.  Insurance adjusters are a highly regulated profession that "engages the public trust," Fla. Admin. Code 69B-220.201(3).  Granting them immunity for bad faith conduct is inconsistent with that status and Florida law.

Therefore, this Court should determine that it does not have subject matter jurisdiction and remand this case back to State court.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned has conferred in good faith with defense counsel who represents all parties presently before the Court and a good faith discussion has been held in an attempt to resolve the issues. **DEFENSE COUNSEL HAS NOT AGREED TO THIS MOTION FOR REMAND.**

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that a true and correct copy of the forgoing has been served via electronic filing or U.S. mail to: **Josh A. Levy, Esquire**, Marlow, Connell, Abrams, Alder, Newman & Lewis, 4000 Ponce de Leon Blvd., Suite 570, Coral Gables, FL 33146, on this __21st__ day of October, 2010.

F. KENDALL SLINKMAN, ESQUIRE
*SLINKMAN & SLINKMAN, P.A.*
1015 W. Indiantown Road
Suite 101-A
Jupiter, FL 33458
Telephone:  (561) 686-3400
Facsimile: (561) 686-5683

BY: /s/ F. Kendall Slinkman
      F. KENDALL SLINKMAN
      Fla. Bar No.0132610